UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN BELBRUNO, | Civ. No. 05-1682 (KM) |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| v. | |
| PFIZER INC., PARKE-DAVIS, a division of Warner-Lambert Company and Warner-Lambert Company LLC, WARNER-LAMBERT COMPANY and WARNER-LAMBERT COMPANY LLC, | |
| Defendants. | |

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff sued defendants in state court in December 2004. In March 2005, defendants removed the suit to this Court. (Doc. No. 1). In June 2005, this case was transferred to a multidistrict litigation in the District of Massachusetts. (Doc. No. 7). After Plaintiff's counsel withdrew its representation, the District of Massachusetts court ordered plaintiff to either appear at a February 2011 status conference, retain counsel to appear at the conference, or file a letter stating that he intended to proceed pro se. He did none of those things. This case was then remanded to this Court from the MDL. In October 2011, a stay of discovery was entered and plaintiff was given until December 31, 2011, to retain an attorney. (Doc. No. 14). At a telephone conference on January 31, 2012, Plaintiff stated that he was still searching for counsel and needed additional time.

Now, nearly two years later, the plaintiff has still done nothing to move his case forward. Most recently, he failed to appear for a telephonic status conference on July 2, 2013. (Doc. No. 19).

Defendants have moved to dismiss plaintiff's action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). (Doc. No. 21). Plaintiff has not filed anything in response to this motion.

1

A trial court, in its discretion, may dismiss an action for failure to prosecute upon weighing the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). A failure to comply with court orders, failure to engage in or respond to discovery, and/or other failures to act have been found sufficient to constitute a failure to prosecute. *Opta Sys., LLC v. Daewoo Electronics Am.*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) (citing *Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994)(noting that a plaintiff can be sufficiently dilatory to suffer dismissal where they repeatedly delay and disobey court orders).

Here, plaintiff has failed to comply with at least three court orders, each requiring him to move his case forward. This weighs strongly in favor of dismissal for failure to prosecute. *See id.* Looking closely at the *Emerson-Poulis* factors in detail, I find that dismissal is merited.

First, plaintiff is fully responsible for his inaction. He has no counsel to blame because he has not obtained counsel, despite representing that he would. *See Emerson*, 296 F.3d at 190.

Second, plaintiff's actions have caused prejudice to his adversaries, who have been rendered unable, over this span of several years, to obtain any discovery. All the while, they have had to deal with the uncertainty of a pending litigation in federal court, paying their attorneys to attend conferences which plaintiff has skipped. In short, it has been almost two years since plaintiff has had any interaction with this Court. *See Opta Sys., LLC v. Daewoo Electronics Am.*, 483 F. Supp. 2d 400, 405 (D.N.J. 2007) (finding prejudice where case was at a "virtual standstill" for four months).

Third, Plaintiff has clearly been dilatory—this needs no elaboration.

Fourth, while I cannot determine that plaintiff has operated in bad faith, I must assume that his failure to proceed is willful given that he has neither obtained counsel nor indicated any intent to proceed pro se. He has left his suit in limbo, and has most recently skipped a court ordered conference. *Cf. id.*

Fifth, I find that a sanction other than dismissal could not ameliorate the present situation, given plaintiff's failure to take even the first steps towards prosecuting his claim and his failure to abide by previous orders encouraging such action. *See id.* at 405.

2

Finally, I have no basis to determine that plaintiff's claim lacks merit, so I will assume *arguendo* that it does. Nevertheless, balancing all of the factors I still find that dismissal is warranted. *See id.* at 406.

As such, plaintiff's claim should be **DISMISSED WITH PREJUDICE** for failure to prosecute. An appropriate order will follow.

_____
HON. KEVIN MCNULTY
United States District Judge

Dated: December 19, 2013
Newark, New Jersey